# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

ALFREDO MARCIAL RUIZ,

Petitioner,

v.

FERETI SEMAIA, *et al.*,

Respondents.

Case No. 5:26-cv-02520-RAO

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, an immigrant detainee represented by counsel, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on May 12, 2026. Dkt. No. 1 ("Pet."). On May 19, 2026, Respondents filed an answer to the Petition stating they "are not presenting an opposition argument at this time." Dkt. No. 7 at 2. Consequently, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested. For the reasons set forth below, the Court GRANTS the Petition.

Petitioner is a citizen of Mexico. Pet. ¶ 25. Prior to his detention, Petitioner resided in San Bernardino, California. *Id*. ¶ 26. Petitioner has six U.S. citizen children and is a property owner. *Id*.

///

Immigration and Customs Enforcement ("ICE") officers arrested Petitioner on June 12, 2025, in San Bernardino. *Id*. ¶¶ 28–33. The government placed Petitioner in immigration detention and initiated removal proceedings against him. *Id*. ¶ 33.

On July 7, 2025, the immigration judge held a bond hearing and concluded that Petitioner was not a danger to the community or a flight risk. *Id.* ¶ 34; Pet. Ex. 1. The immigration judge therefore ordered Petitioner released upon payment of a $20,000 bond and enrollment in alternatives to detention supervision. *Id.* Following his release, Petitioner enrolled in the alternatives to detention supervision program. Pet. ¶ 35.

Petitioner filed a Motion to Suppress Form I-213 and a Motion to Terminate proceedings on the grounds that ICE unlawfully stopped, detained, and arrested him in violation of the Fourth and Fifth Amendments in the Immigration Court. *Id.* ¶ 37. On February 5, 2026, the immigration judge granted Petitioner's Motion to Suppress Form I-213 evidence. *Id.* ¶ 38; Pet. Ex. 2.

Subsequently, on February 6, 2026, ICE re-detained Petitioner at a check-in, and the government transferred him to Adelanto, California. Pet. ¶ 39. The Department of Homeland Security ("DHS") justifies Petitioner's re-detention by arguing that Petitioner violated the alternatives to detention supervision program. *Id.* ¶¶ 40–41. Specifically, DHS references the following violations: "(1) an initial residence verification failure shortly after Petitioner's enrollment in ATD supervision; and (2) an unspecified "'tracker violation.'" *Id.* ¶ 41; Pet. Ex. 3. Petitioner alleges compliance with ICE reporting requirements associated with his release. *See* Pet. ¶¶ 36, 42–52. Petitioner further explains that the alleged incidents occurred on June 21, 2025, and October 15, 2025, however, ICE did not terminate Petitioner from the alternatives to detention supervision program or re-detain him at that time. *Id.* ¶ 44. Rather, Petitioner remained compliant with supervision requirements until ICE re-detained him on February 6, 2026. *Id.* ¶¶ 44, 48.

The Petition states that Petitioner is currently detained in Adelanto ICE Processing Center in Adelanto, California. *See* Pet. ¶¶ 2, 16, 19. The publicly available ICE records confirm Petitioner's detention within this District. Petitioner argues, *inter alia*, that his detention violates his constitutional due process rights. *Id*. ¶¶ 67–90. The Petition seeks relief, *inter alia*, in the form of Petitioner's immediate release or an order directing Respondents to reinstate the conditions of Petitioner's prior release, including enrollment in the alternatives to detention supervision program, as ordered by the immigration judge on July 7, 2025. *Id*. at 18.

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Petitioner's requested relief is an order that he be released immediately. Pet. at 18. As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens released pursuant to an alternatives to detention supervision program, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards. *See Singh* v. *Janecka*, No. CV 26-1466-AYP, 2026 WL 1334832, at *5 (C.D. Cal. May 8, 2026); *Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026); *Sheng Kun v. Janecka*, No. CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026). Given Respondents' non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner's prior release status, the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his re-detention, the Court finds that it is appropriate to grant the Petition. *See id.*

///

3

In light of the foregoing, the Court GRANTS the Petition and orders Petitioner to be released forthwith, subject to any former conditions of release.

The Court also orders that Respondents shall not re-detain Petitioner without notice and a future pre-deprivation hearing.  Respondents shall return any confiscated property and documents to Petitioner upon his release.  Finally, Respondents shall file a status report regarding compliance with this order within five court days of its entry.

IT IS SO ORDERED.

DATED: May 20, 2026

_____/s/_____

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4